IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:20-cr-0023-FL(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | MOTION FOR MENTAL HEALTH |
| MICHAEL HANS MEINTZSCHEL | ) | AND RELATED EVIDENCE |
| Defendant | ) | |
| _____ | ) | |

NOW COMES Michael H. Meintzschel, the defendant, by and through his undersigned counsel, and respectfully moves this Honorable Court for an order directing any and all persons and agencies having or maintaining medical, psychological, social, and school records for the child, A.B., the alleged victim referenced in the Bill of Indictment, to produce the same for inspection and copying by the counsel for the accused. In the alternative, the defendant moves the Court for an in camera inquiry, pursuant to *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), of all such medical, psychological, social, and school records.

## LEGAL AUTHORITY

The credibility of A.B. will be a central issue in this trial. Due process requires the government to disclose evidence favorable to an accused when such evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). The obligation to disclose *Brady* evidence covers not only exculpatory evidence, but also information that could be used to impeach government witnesses. *United States v. Bagley*, 473 U.S. 667, 676-77 (1985).

The courts have applied *Ritchie* to a variety of confidential records in possession of third parties, including government agencies and private parties. *See e.g., Love v. Johnson*, 57 F.3d

1

1305, 1313-14 (4th Cir. 1995) (victim's files at a medical center, county mental health department, and county DSS); *State v. Johnson*, 145 N.C. App. 51, 54 (2001) (public school records); *State v. Henderson*, 155 N.C. App. 719, 728-29 (2003) (school records); *State v. Taylor*, 178 N.C. App. 395, 407-08 (2006) (school records); *State v. Bradley*, 179 N.C. App. 551, 553 (2006) (Duke University Health Systems records); *State v. Jarrett*, 137 N.C. App. 256, 266 (2000) (hospital records). As the Fourth Circuit stated in one such case, "[t]he 'Brady' right, as recognized and implemented in *Ritchie*, is not limited to information in the actual possession of the prosecutor and certainly extends to any in the possession of state agencies subject to judicial control." *Love,* 57 F.3d at 1314.

It is clear that the requested information is admissible for the purpose of impeachment. See *State v. Williams*, 330 N.C. at 723, 412 S.E.2d at 367 ("This jurisdiction has long allowed cross-examination regarding the witness' past mental problems or defects."); *State v. Newman*, 308 N.C. 231, 254, 302 S.E.2d 174, 187 (1983) (cross-examination into the past mental condition of prosecuting witness); *State v. Fields*, 315 N.C. 191, 337 S.E.2d 518 (1985) (questions of drug use proper to evaluate witness's credibility). As such, these records should be provided to defense counsel. *See United States v. Society of Independent Gasoline Marketers of America*, 624 F.2d 461 (4th Cir. 1980) (failure to provide evidence of prior history of mental or emotional disorders of government witness required reversal of conviction).

WHEREFORE the Defendant respectfully requests this Honorable Court for an order directing any and all persons and agencies having or maintaining medical, psychological, social, and school records for the child, A.B., referenced as the alleged victim in the Indictment to produce the same for inspection and copying by the counsel for the accused. However, should

the Court rule in favor of the alternative relief pursuant to *Pennsylvania v. Ritchie*, then the defendant requests that the Court do the following specific things:

1. Issue subpoenas duces tecum to the Dare County Sheriff's Department; the Foothills Child Advocacy Center; and the child's schools; and upon any other person or agency with custody and/or possession and/or control of records of the type identified in this motion, requiring such agencies and persons to produce such records for an in camera inspection by this Court;

2. Review all such records *in camera*.

3. Reveal to the defendant all material information contained in the records that is relevant to the charge and possible defenses and impeachment of the charge contained in the above referenced Indictment.

4. Reveal to the defendant all information contained in the records which is exculpatory to the defendant, and/or which mitigated the seriousness or degree of offense with which defendant is charged, and/or which would tend to impeach the accuser of the alleged offenses or any other State's witness.

5. Specifically, defense counsel requests that the Court review the medical, psychological, and school records touching upon or concerning A.B. to determine if the following information is contained:

    a. Evidence of false sexual accusations, or sexual activity by or of persons other than the accused.

b. Evidence that A.B. suffers from any mental disorder, mental illness or abnormal mental condition or behavior problem or has received treatment for these condition(s).

c. Evidence that A.B. has embellished or added to her story(ies) of the alleged offenses over time.

d. Evidence that A.B. has recanted or taken away from her story(ies) of the alleged offenses over time.

e. Evidence that A.B. has been encouraged to tell story(ies) of the alleged offenses.

f. Reports, notes, videotapes, photographs, and any other record of any physical or mental examinations concerning A.B. made in connection with the allegations in the above referenced Indictments, or any allegations made known to the any law enforcement or governmental officer.

g. Evidence that A.B. has a history of lying, falsehoods, or evasiveness.

h. Evidence that A.B.. has a history of drug use.

i. Information that A.B. exhibits or exhibited advanced sexual knowledge, or public displays of sexual behavior.

j. Any other evidence which tends to exculpate the accused; which tends to mitigate the degree or seriousness of the offense; or which tends to mitigate the degree or seriousness of the offense, or which tends to impeach A.B. or any other Government witness.

6. To place all information contained in the above requested records in the court file in these cases, whether revealed to defense counsel or sealed to preserve all records of these proceedings for possible appellate review.

Respectfully submitted, this the 2th day of November, 2020.

| | |
|---|---|
| s/Myron T. Hill, Jr. | s/Ernest L. Conner, Jr. |
| MYRON T. HILL, JR. | ERNEST L. CONNER, JR. |
| Attorney for Defendant | Attorney for Defendant |
| 200 East Fourth St. | Post Office Drawer 7384 |
| Greenville, NC 27835 | Greenville, NC 27835-7384 |
| Email: mhill@hilllawfirm.com | Email: ernest@gnclawfirm.com |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Mental Health and Related Evidence was served on the parties in this action by being filed for electronic service, and causing the same to be sent by e-mail, or by placing a copy in the United States Mail, postage prepaid and addressed as follows:

<u>Via Electronic Service</u>

Peter A. Moore, Jr.
Clerk of Court
PO 25670
Raleigh, NC 27611

Aakash Singh, Esq.
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 28202
Aakash.Singh@usdoj.gov

This the 2nd day of November, 2020.

                s/Myron T. Hill, Jr.

                Myron T. Hill, Jr.
                Attorney for Defendant
                200 East Fourth St.
                Greenville, NC 27835-7384
                Email: mhill@hilllawfirm.com

                s/Ernest L. Conner, Jr.
                ERNEST L. CONNER, JR.
                Attorney for Defendant
                Post Office Drawer 7384
                Greenville, NC 27835-7384
                Email: ernest@gnclawfirm.com