IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CR-00023-FL-1

**United States of America**,

v.

**Michael Hans Meintzschel**,

         Defendant.

**Order**

      The Grand Jury indicted Defendant Michael Hans Meintzschel in May 2020 on charges related to the alleged sexual abuse of A.B., a minor. Ahead of his arraignment, Meintzschel filed several motions. He asks the court to require the United States to obtain and produce various records related to A.B. that are in the custody of third parties. D.E. 27. Alternatively, he asks to subpoena the documents from the third parties. He also wants to obtain, either from the United States or through a subpoena, information from A.B.'s social media accounts and devices she may have used. D.E. 28. Looking ahead to trial, Meintzschle also asks the court to sequester witnesses and require the United States to turn over evidence that is favorable to him. D.E. 29, 30.

      The court will grant some of these motions but deny others. As for the request for A.B.'s records and data, the United States does not have any of this information in its possession, custody, or control. And because he can only speculate about what he would uncover by subpoenaing the data and information, it is not appropriate to grant his request for subpoenas. The court will, however, grant his motion to sequester witnesses (with some exceptions) and require disclosure of favorable information ahead of trial.

**I.    Motion to Produce Victim-Related Records**

Meintzschel asks the court to require the United States to obtain and turn over A.B.'s medical, psychological, social, and school records. In the alternative, he asks the court to issue subpoenas that would allow him to obtain these records. Meintzschel is fine with the records being produced directly to him or to the court for an *in camera* review before disclosure. Either way, he says it is important he be able to review the records because A.B.'s credibility "will be a central issue in this trial." Mot. at 1, D.E. 27. The Government responds that the court should deny the request because it has never possessed any responsive records. Resp. at 1–2, D.E. 31. But its response does not discuss Meintzschel's request for a subpoena.

    **A.    Request for the United States to Obtain or Turn Over Records**

The Federal Rules of Criminal Procedure set out discovery obligations for both the United States and the defendant. Rule 16 requires the United States to produce, upon the defendant's request, various reports, documents, tangible items, and test results. Fed. R. Cr. P. 16(b)(1)(E) & (b)(1)(F). But the Government need only turn over documents within its possession, custody, or control. Fed. R. Cr. P. 16(b)(1)(E) & (b)(1)(F)(i).

The Government explained that it "has never had any copies of the victim's medical records, which belong to the treatment providers, over whom the government has no control." Resp. at 2. Meintzschel has not challenged this statement. Thus, the Government has done all that Rule 16 requires of it. *See United States* v. *Schembari*, 484 F.2d 931, 935 (4th Cir. 1973) (affirming the trial court's denial of a discovery request under Rule 16 because "the government cannot disclose what it does not have").

Meintzschel points the court to two cases, *Pennsylvania* v. *Ritchie*, 480 U.S. 39 (1987) and *Love* v. *Johnson,* 57 F.3d 1305 (4th Cir. 1995), which he claims requires the United States to obtain

2

the records from third-parties and have the court review them *in camera*. But in both *Ritchie* and *Love*, the cases involved prosecutions by state authorities and records in the custody of state agencies. *Ritchie*, 480 U.S. at 43 (explaining that the defendant's subpoena sought documents from a state-created agency); *Love*, 57 F.3d at 1312 ("There, as here, a state-court defendant. . .issued a subpoena duces tecum to obtain records of a state agency[.]"). So the records the defendants pursued in *Ritchie* and *Love* were in the state's possession, custody, or control. Here, the United States is prosecuting Meintzschel and the records are in the hands of state or local agencies or private parties. So he has no right to have the United States obtain the records from third parties.

### B. Request for Subpoenas to Third Parties

Meintzschel also asks the court to issue subpoenas to any third-parties who may have A.B.'s records. Mot. at 3. Under his preferred approach, the court would receive the documents, review them *in camera*, and turn over responsive documents to him.

Rule 17 of the Federal Rules allows the court to issue a subpoena requiring a third party to turn over documents ahead of trial. Fed. R. Civ. P. 17(c)(1). This rule "implements the Sixth Amendment's guarantee that an accused have compulsory process to secure evidence in his favor." *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988).

But Rule 17(c) is not a tool to conduct general discovery. *United States* v. *Fowler,* 932 F.2d 306, 311 (4th Cir. 1991). And the Supreme Court has explained that to obtain a subpoena requiring a production of documents before trial, the party seeking the subpoena must show four things. *United States* v. *Nixon*, 418 U.S. 683, 699–700 (1974). To begin with, the moving party must show "that the documents are evidentiary and relevant[.]" *Id.* at 699. Then they must show that the documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence[.]" Next the movant must establish that he "cannot properly prepare for trial without

3

such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial[.]" *Id.* And finally, there must be a showing that "the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 700.

After *Nixon*, a party seeking a subpoena must show "(1) relevancy; (2) admissibility; [and] (3) specificity[.]" *United States* v. *Rand*, 835 F.3d 451, 462–63 (4th Cir. 2016) (citing *Nixon,* 418 U.S. at 700). What's more, the subpoena cannot be "merely 'investigatory.'" *Id.*

Here, the specificity requirement deserves particular attention. A court should not issue a subpoena *duces tecum* based simply on the defendant's "hope of obtaining favorable evidence[.]" *United States* v. *Caro*, 597 F.3d 608, 620 (4th Cir. 2010). And a defendant must do more than "speculate as to what the requested information would have shown" before being entitled to a subpoena *duces tecum*. *Id.*

Meintzschel's motion does not meet the standard to obtain a pretrial subpoena *duces tecum*. His filing provides no details on what information the documents would show. He does not even establish that any responsive records exist. This inability to satisfy the specificity requirement requires the court to deny Meintzschel's request to issue a subpoena for A.B.'s records.

## II.     Motion for Access to Social Media Information

Meintzschel also wants access to A.B.'s social media accounts and various devices she may have used. The United States claims that it has produced all documents in its possession, custody, or control, so the only avenue for Meintzschel to obtain this information is through a subpoena. The subpoena would allow him to access to the A.B.'s social media accounts, her phone, any tablet devices she used, and any copies of data from these sources whether stored on a computer or in the cloud.

This subpoena request suffers from the same shortcoming as Meintzschel's earlier request for A.B.'s personal records. All the assertions that the subpoena would turn up relevant and responsive information are caveated as being made on information and belief. By definition, the by invoking the phrase "upon information and belief" Meintzschel is conceding he does not know if the statement is true. *See Camco Mfg., Inc.* v. *Jones Stephens Corp.*, 391 F. Supp. 3d 515, 524 n.3 (M.D.N.C. 2019) (explaining, in the civil context, that allegations upon information and belief are appropriate "where a plaintiff does not have personal knowledge of the facts being asserted" and the "information is particularly within defendants' knowledge and control."). So Meintzschel is not entitled to a subpoena to obtain data from A.B. or companies that maintain her data.[1]

As a result, Meintzschel's Motion for Access to Accuser's Social Media (D.E 28) is denied.

### III. Motion for Sequestration of Witnesses

In anticipation of trial, Meintzschel seeks an order requiring the sequestration of the Government's witnesses and prohibiting the Government from discussing the trial testimony of witnesses with other individuals who may testify at trial. Mot. at 1, D.E. 29. The Government does not oppose Meintzschel's motion, but asks the court to allow two case agents, Anthony Frazier and Curtis Kennedy, to attend the trial. Resp. at 3, D.E. 31. The Government also requests that A.B. and a family member be able to attend. *Id.*

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid.

---

[1] Even if Meintzschel's request were specific enough to justify issuing a subpoena, the Stored Communications Act would prevent companies who maintain her data from disclosing it to him. *See United States v. Wenk*, 319 F. Supp. 3d 828, 829 (E.D. Va. 2017) ("[T]he [SCA] does not contain a provision detailing the methods with which criminal defendants can require disclosure . . . ."); *United States v. Pierce*, 785 F.3d 832, 842 (2d Cir. 2015) ("[T]he SCA provides that a governmental entity may require electronic communication service and remote computing service providers to disclose the contents of wire and electronic communication . . . . The SCA does not, on its face, permit a [criminal] defendant to obtain such information.") (brackets and internal quotation marks omitted); *United States v. Nix*, 251 F. Supp. 3d 555, 559 (W.D.N.Y. 2017) (the Stored Communications Act "does not permit a defendant in a criminal case to subpoena the content of a Facebook or Instagram account[.]");

615. But the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* 615(a), (b). Also relevant here is the prohibition on excluding from trial "a person authorized by statute to be present[.]" *Id.* 615(d).

As required by Rule 615, the court will grant the motion with two exceptions. First, the United States is generally entitled to have the court exempt its case agent from a sequestration order. *United States* v. *Simpkins*, 867 F.2d 610, 1989 WL 5452, at *1 (4th Cir. 1989). So the court will grant the United States' request to exempt Anthony Frazier and Curtis Kennedy, from the sequestration order.

The second exception to the sequestration order applies to A.B. and her legal guardian. Under the Victims' Rights Act, a crime victim has the "right not to be excluded from any such public court proceeding." 18 U.S.C. § 3771(a)(3). The right to attend the trial extends to A.B. and, because she is a minor, her legal guardian. *Id.* § 3771(e)(2).

The only exception to this right arises when "the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." *Id.* But Meintzschel has not established that this exception applies. So the court will exempt A.B. and her legal guardian from the sequestration order as well.

Along with sequestering most witnesses, the court will also limit the witnesses' ability to discuss testimony with other witnesses. But attorneys for the parties will be able to discuss the case with witnesses because "lawyers are simply not subject to the Rule." *United States* v. *Rhynes*, 218 F.3d 310, 316 (4th Cir. 2000). So witnesses are prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

### IV. Motion for Favorable Evidence

Meintzschel seeks information that he claims he is entitled to under *Brady* v. *Maryland*, 373 U.S. 83 (1963), *United States* v. *Giglio*, 405 U.S. 150 (1972), and their progeny. D.E. 30. Under *Brady*, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punish.'" *United States* v. *Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must also disclose evidence that could be used to impeach or discredit a Government witness. *Giglio*, 405 U.S. at 154. Prosecutors must produce this evidence "in time for its effective use at trial." *United States* v. *Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States* v. *Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

The Government acknowledges its obligations to provide *Brady* and *Giglio* materials timely and does not oppose Meintzschel's motion. Resp. at 4. Furthermore, the Government represented to the court that it "has no knowledge or possession of any such exculpatory evidence"; already produced materials to the defendant; and will produce additional relevant documents as this matter moves forward. *Id.* The Government also represents that it will comply with its obligations under the *Jencks* Act. *Id.*

Given the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States* v. *Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Thus, the motions seeking early disclosure of *Brady* and *Giglio* materials are granted in part and denied in part (D.E. 30). The Government must produce *Brady* and *Giglio* materials on a prompt, ongoing

7

basis and must disclose all materials required necessary under those doctrines no later than seven days before the first scheduled day of trial.

**V.    Conclusion**

As discussed above, the court orders:

1. Meintzschel's motion for mental health records (D.E. 27) is denied.

2. Meintzschel's motion seeking access to A.B. social media accounts and devices (D.E. 28) is denied.

3. Meintzschel's motion seeking sequestration of witnesses (D.E. 29) and the Government's request for the same are granted in part and denied in part. All potential witnesses identified by the parties may not be present in the courtroom during trial. This portion of the order does not apply to Meintszchel, A.B. and her legal guardian, and Anthony Frazier and Curtis Kennedy. Witnesses subject to this sequestration order are also prohibited from discussing their testimony or the testimony of other witnesses with anyone other than counsel for the parties.

4. Meintzschel's motion for favorable evidence (D.E. 30) is granted in part and denied in part. The Government must produce *Brady* and *Giglio* materials on a prompt, ongoing basis and must disclose all materials required to necessary under those doctrines no later than seven days before the first scheduled date of trial.

Dated:  December 14, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge