UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:20-CR-23-1FL(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| v. | ) | TO DEFENDANT'S |
| | ) | SUPPLEMENTAL BRIEF [D.E. 46] |
| MICHAEL HANS MEINTZSCHEL | ) | |

Now comes the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, and hereby responds to Defendant's supplemental brief to his *Appeal and Objection to Magistrate Judge's Ruling*. [D.E. 36, 46]. The Government renews its opposition, and respectfully requests this Court deny Defendant's appeal and affirm Honorable Magistrate Judge Numbers' Order.

**PROCEDURAL SUMMARY**

On May 13, 2020, a federal Grand Jury indicted Defendant for Coercion and Enticement of a Minor to Engage in Sexual Activity, Sexual Abuse of a Minor, and Abusive Sexual Contact with a Child. [D.E. 1]. On November 3, 2020, the defendant filed four pretrial motions seeking discovery and raising additional pretrial matters. [D.E. 27-30]. The Government responded in opposition in part. [D.E. 31]. On December 14, 2020, the Honorable Magistrate Judge Numbers denied Defendant's motions in part. [D.E. 34]. Specifically, the court denied Defendant's requests to subpoena the victim's (A.B.) medical records and social media information from third parties. *Id.* The court also denied Defendant's request to compel the Government to

1

obtain A.B.'s personal and medical records for Defendant. [D.E. 34]. On January 4, 2021, Defendant appealed the Honorable Magistrate Judge Numbers' Order on those three specific issues. [D.E. 36]. The Government responded in opposition to Defendant's appeal on January 14, 2021. [D.E. 40]. This Court heard arguments from both parties on February 9, 2021, in New Bern, North Carolina. [D.E. 45]. This Court then ordered Defendant to file a supplemental brief of his appeal and directed the Government to file a response. *Id.* The Government responds as follows.

## ARGUMENT

**I. Defendant Has Again Failed to Show the Magistrate Court Erred in Denying Defendant's Requests to Subpoena Third Parties for A.B.'s Records and Social Media Information.**

The district court reviews de novo those portions of a magistrate judge's order to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the order. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Defendant's brief neither explains nor supplements his appeal regarding how the Magistrate Court erred in its decision. Defendant's brief attempts to identify information the Magistrate Court lacked in making its decision by carving out various

2

witness statements from the discovery and misrepresenting their context. Defendant's brief and appeal both fail to explain how these statements show error in the Magistrate Court's Order or warrant unfettered subpoena power. Further, the offense conduct charged in the Indictment pertains to Defendant's sexual assault of a minor child victim on or about November 25, 2019, at the Cape Hatteras National Seashore. Defendant neither demonstrates the existence of the purported evidence he seeks, nor does Defendant articulate the relevance of the purported evidence to the conduct charged in the Indictment. Therefore, Defendant's appeal should be denied.

## II. Defendant Has Again Failed to Show Existence or Relevance of A.B.'s Records and Social Media Information

The Government is required to produce only materials within its "possession, custody, or control." Fed. R. Crim. P. 16(b). The Government cannot create evidence that does not exist, nor can the Government compel private third parties to provide evidence that is not relevant to a criminal investigation. If Defendant wishes to acquire personal and health records by subpoena, Defendant must show relevancy, admissibility, and specificity of the information sought. Defendant must show the subpoena would be more than "merely investigatory." *United States v. Rand*, 835 F.3d, 451, 462-3 (4th Cir. 2016) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)).

Further, "[A] defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." *United States v. Rand*, 835 F.3d 451, 459

3

(4th Cir. 2016) (quoting *United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003)). Inadmissible evidence does not become admissible merely because a defendant wants to present it. *See Prince-Oyibo*, 320 F.3d at 501 (citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)).

That applies to cross-examination. "The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant an opportunity for effective cross-examination." *United States v. Ayala*, 601 F.3d 256, 273 (4th Cir. 2010) (affirming limits on the cross-examination of rape victims). It "does not, however, confer the right to cross-examine 'in whatever way, and to whatever extent, the defense might wish.'" *Id.* (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam)). "District courts thus 'retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, and interrogation that is repetitive or only marginally relevant.'" *Id.* (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

The Federal Rules of Evidence provide several principles to limit the scope of impeachment. Evidence always must be relevant. Fed. R. Evid. 401-02. Courts may exclude "even relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Generally, evidence of a person's character trait is inadmissible. Fed. R. Evid. 404(a). Evidence of a witness's character for truthfulness is an exception—but a

4

limited one. A party may attack a witness's character for truthfulness with reputation or opinion evidence. Fed. R. Evid. 608(a). Rule 608(b) *prohibits presenting evidence of specific instances of misconduct* other than by cross-examining the witness herself or when cross-examining a character witness. Fed. R. Evid. 608(b).

Rule 412 strictly limits evidence of a victim's sexual activity other than that with the defendant or involved in the offense conduct. *See* Fed. R. Evid. 412. Evidence of a victim's sexual behavior is admissible only to prove that someone other than the accused was the source of semen, injury, or physical evidence; to show that the victim consented to the sexual activity with the accused; or to avoid violating the defendant's constitutional rights. Fed. R. Evid. 412(b).

A mental condition is relevant only if it affected the witness's ability to observe the event at the time it happened, to recall the event before trial, and to accurately and truthfully describe it at trial. *United States v. Lopez*, 611 F.2d 44, 45 (4th Cir. 1979); *accord United States v. Barnes*, 480 F. App'x 231, 237 (4th Cir. 2012). That is because "many psychiatric problems or fixations which a witness may have had are without any relevancy to the witness' credibility." *Lopez*, 611 F.2d at 45.

"Permitting a defendant to cross-examine an adverse witness" about her mental health history and treatment "tends to be 'unnecessarily demeaning' and will 'generally introduce into the case a collateral issue, leading to a large amount of testimony substantially extraneous to the essential facts and issues of the controversy being tried.'" *Ayala*, 601 F.3d at 273 (quoting *Lopez*, 611 F.2d at 45). Courts therefore have broad discretion to limit or exclude cross-examination about

5

psychiatric and mental-health history. *Id.*

### A. Mental Health Records

Defendant's brief supplements his appeal of the Magistrate Court's Order by arguing three (3) reasons for unfettered subpoena power of A.B.'s mental health records: (i) A.B. has allegedly sought therapy since Defendant sexually assaulted her; (ii) A.B. allegedly experienced depression or suicidal tendencies prior to Defendant's sexual assault; and (iii) Defendant believes A.B. lacks credibility. [D.E. 46, 1-3]. Defendant's brief makes clear these are personal assertions, opinion, and speculation, and not documented prognoses by licensed medical professionals. Defendant's brief also reveals his litigation strategy is to attack a child victim's credibility. The appropriate venue for such a tactic is a trial, and not fishing expeditions into A.B.'s life. Defendant's arguments fail to show relevancy, admissibility, or specificity of the information sought. Defendant's brief and appeal fail to show how subpoenas would be more than "merely investigatory."

Defendant's brief and appeal do not show the existence of any documented or diagnosed mental health conditions pertaining to the child victim. Defendant's brief and appeal do not reveal occasions when a licensed medical professional has diagnosed A.B. with any mental health conditions, including depression or suicidal tendencies. In fact, Defendant's brief and appeal fail to show A.B. suffers from any diagnosed medical condition at all. Therefore, Defendant *cannot* show A.B. suffers from a medical condition or mental illness that would impair her ability to observe the assault when it happened, to recall the assault before trial, or to describe it at

trial. Finally, Defendant's brief and appeal fail to articulate how mental health records would be relevant or material to the conduct charged in the Indictment. Therefore, Defendant's motion for subpoena authority over A.B.'s mental health records should be denied, and the Magistrate Court's Order affirmed.

**B. Social Media Data and Information**

Defendant's brief supplements his appeal of the Magistrate Court's Order by arguing that subpoena power over A.B.'s social media accounts are warranted because (i) A.B. communicates with other people on social media, and (ii) Defendant believes A.B. communicates "online" to be secretive. [D.E. 46, 3-6]. Again, Defendant has failed to show specificity, admissibility, or relevance of information he hopes to secure from A.B.'s social media platforms. Defendant's brief and appeal do not cite to any posts. Defendant's brief and appeal do not mention any platform other than Steam. As Defendant concedes, the Government has turned over all Steam chat messages between A.B. and her boyfriend concerning the assault that the Government has in its possession, custody or control. The Government remains unaware of any social media platforms on which A.B. has posted material or relevant information concerning the assault. The Government remains unaware of any other electronic communications made by A.B. to anyone concerning the conduct charged in the Indictment.

Accordingly, for the reasons articulated in this brief, and the Government's Response in Opposition to Defendant's Appeal [D.E. 40], the Government respectfully requests this Court deny Defendant's Appeal and affirm the Magistrate Court's

7

Order.

Respectfully submitted this 23rd day of February, 2021.

                                ROBERT J. HIGDON
                                United States Attorney

                    BY: /s/ Aakash Singh
                          Aakash Singh
                          Assistant United States Attorney
                          Criminal Division
                          150 Fayetteville St., Suite 2100
                          Raleigh, NC 27601
                          Telephone: (919) 856-4530
                          E-mail: Aakash.singh@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that I have this 23rd day of February, 2021, served a copy of the foregoing Response upon the defendant by electronically filing the foregoing with the Clerk of court, using the CM/ECF system which will send notification of such filing to:

Myron Hill
The Hill Law Firm, P.C.
200 E. 4th St.
Greenville, NC 27858
252-758-1403x247
Fax: 252-758-5195
Email: mhill@hilllawfirmnc.com

/s/ Aakash Singh
Aakash Singh
Assistant United States Attorney
Criminal Division
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
E-mail: Aakash.singh@usdoj.gov